### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (JKS) |
| Remaining Debtors. | (Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, et al., | |
| Plaintiff, | Adversary Proceeding Case No. 19-50835 (JKS) |
| vs. | **Ref. Adv. Docket No. 36** |
| PROVIDENT TRUST GROUP, CUSTODIAN FOR THE BENEFIT OF MARTHA C MACLEAN ROTH IRA; MARTHA C. MACLEAN, | |
| Defendant. | |

### JUDGMENT BY DEFAULT

Upon the *Plaintiff's Motion for Default Judgment* (the "Motion") pursuant to Bankruptcy

Rule 7055 for the entry of a judgment by default against defendants Provident Trust Group,

LLC, administrator and custodian for the benefit of Martha C. Maclean Roth IRA, and Martha C.

Maclean (each a "Defendant") with respect to the *First Amended Complaint For Avoidance and*

*Recovery of Preferential and Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548 &*

*550* [Adv. Docket No. 9] (the "Complaint")[2] and the *Entry of Default* entered by the Clerk of

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 201 N. Brand Blvd., Suite M, Glendale, California 91203.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Complaint.

Court [Adv. Docket No. 25]; and adequate notice of the Motion having been given and it appearing in the circumstances that no other or further notice is required; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and Defendant having failed to answer or otherwise respond to the Complaint within the applicable deadline; and the entry of a judgment by default being proper against Defendant; and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to Bankruptcy Rule 7055(b)(2), judgment by default ("Judgment") shall be entered against Defendant with respect to all claims for relief asserted in the Complaint.

3.      Judgment is awarded in favor of Plaintiff and against Defendant on the first claim for relief, (a) avoiding the 90 Day Transfers free and clear of any interest of Defendant, (b) directing that the 90 Day Transfers be set aside, and (c) ordering Defendant to pay to Plaintiff $49,857.49.

4.      Judgment is awarded on the second claim for relief, (a) avoiding the Fraudulent Transfers that constitute Net Winnings free and clear of any claimed interest of Defendant, (b) directing that the Fraudulent Transfers that constitute Net Winnings be set aside, (c) ordering Defendant to pay to Plaintiff $1,038.52.

5.      Judgment is awarded on all claims for relief, awarding Plaintiff prejudgment interest as permitted by law, costs of suit, and such other and further relief as is just and proper.

6.      The Plaintiff is authorized and empowered to take any and all actions necessary or appropriate to consummate, carry out, effectuate, or otherwise enforce the terms, conditions, and provisions of this Judgment.

7.      The Clerk of Court is authorized and directed to take any action that is necessary and appropriate to give effect to this Judgment.

8.      This Court shall retain jurisdiction and power over any and all matters arising from or related to the interpretation or implementation of this Judgment.

**Dated: October 26th, 2021**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

3